Brennan, J.
On or about October 27,1997, Kathryn Kennedy Conway (hereinafter, the plaintiff) was involved in a motor vehicle accident in which she sustained personal injury. At the time of this accident she was insured with Commerce Insurance Company (hereinafter, the defendant). Shortly after the accident the plaintiff began treating with Dr. Bisanti at Bisanti Chiropractic Rehabilitation, where she incurred charges for services in the amount of $4,792.00. These bills were submitted to defendant for payment, but defendant refused to do so. On or about August 3, 1998, counsel for plaintiff sent a demand letter seeking relief pursuant to M.G.L.c. 93A and M.G.L.c. 176D. On or about August 18,1998, defendant responded to plaintiff by maintaining that they had acted within the guidelines established by M.G.L.c. 90, §34M. Thereafter, on September 9,1998, plaintiff filed a complaint alleging that the defendant failed to pay personal injury protection benefits pursuant to the provisions of her policy and that, in so doing, defendant had violated the provisions of M.G.L.C. 93A and M.G.L.c. 176D. On October 2,1998, defendant filed an answer.
On February 4, 1998, approximately seven months prior to the filing of plaintiffs suit, plaintiff signed a Bisanti Chiropractic & Rehabilitation form entitled “Assignment of Benefits,” which provided, in pertinent part...
I hereby authorize and direct my insurance carrier, whether in state or out of state non-participating, to pay all benefits which may be due me according to my policy, directly to Bisanti Chiropractic & Rehabilitation to be applied towards my account.
On or about December 29, 1998, defendant contacted Bisanti Chiropractic and requested a Policy Release Form. On February 5,1999, Dr. Bisanti and defendant executed a Policy Release in the amount of $4,500.00. This release purported to release "... Commerce Insurance Company and Kathryn Kennedy from any and all liability under policy number V89493” and on February 8,1999, defendant issued a check to Bisanti Chiropractic in the amount of $4,500.00 representing full payment for. all outstanding medical bills. Defendant argues that plaintiff had assigned any and all rights she may have had to collect her medical payments when she signed the “Assignment of Benefits” form on February 4,1998, and that those expenses had been paid directly to Dr. Bisanti and that, consequently, plaintiff is owed nothing.
On February 23, 1999, defendant filed an “Emergency Motion to Dismiss the Plaintiffs Complaint For Failure to State a Claim Upon Which Relief Can Be Granted Under Rules 12(b) (6) and 12(c) and Motion For Judgment on the Pleadings.” On or about March 10, 1999, this motion was allowed. Thereafter, plaintiff *302 filed a notice or appeal and, eventually, a Notice of Expedited Appeal.
The sole issue before the court is whether the court erred in allowing defendant’s Motion to Dismiss. Clearly, the debt to Bisanti Chiropractic & Rehabilitation has been satisfied and defendant maintains that its obligations under M.G.L.c. 90, §34M have been satisfied.
M.G.L.c. 90, §34M provides, in pertinent part, that
... where benefits due and payable remain unpaid for more than thirty days, any unpaid party shall be deemed a party to a contract with the insurer responsible for payment and shall therefore have a right to commence an action in contract for payment of amounts therein determined to be due in accordance with the provisions of this chapter. ... If the unpaid party recovers a judgment for any amount due and payable by the insurer, the court shall assess against the insurer in addition thereto costs and reasonable attorney’s fees.
The pleadings in this case clearly indicate that payment was not made within thirty days of demand for payment. Nevertheless, payment was made in full prior to the plaintiff securing a judgment from the court. The plaintiff was not entitled to recover a judgment for any amount due and payable by the insurer on February 23, 1999. Therefore, in accordance with M.G.L.c. 90, §34M it appears that the court did not err in allowing the motion to dismiss insofar as Count I of the plaintiff’s complaint.
Count II of plaintiffs complaint reasserts the allegations in Count I of the complaint and further alleges that defendant used unfair or deceptive acts or practices in the handling of plaintiffs claim in violation of M.G.L.c. 176D and, in addition, that defendant violated the provisions of M.G.L.c. 93A. These allegations involve issues separate from the mere payment of a bill for services and must be adjudicated. Plaintiffs claim for damages arising from defendant’s violation of M.G.L.c. 93A and M.G.L.c. 176D must be returned to the court for trial.
Therefore, we affirm the trial judge’s allowance of the defendant’s motion to dismiss as it relates to Count I, but order that the clerk vacate the allowance as it relates to Count II and restore the case to the trial list.